UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC, CLERK CHARLESTON, SC

2010 FEB -5 P 2: 50

Robert Clayton Jr., # 286814,

       Plaintiff,

vs.

John Ozmint;
Anthony Padula;
Margret Bell;
JJ Brooks, and
FNU Beniger,

       Defendants.

) C/A No. 2:10-190-RBH-RSC
)
)
)
)
)
) Report and Recommendation
) on Motion to Certify Class
)
)
)
)

---

  This is a civil action filed *pro se* by a state prison inmate. In addition to his Complaint and Motion for Leave to Proceed *in forma pauperis*, Plaintiff filed a Motion to Certify Class (Entry 4), asking this Court to create a class made up of all forty-seven inmates (including Plaintiff as class representative) who were housed in the Chesterfield Unit of Lee Correctional Institution during the time frame covered by Plaintiff's Complaint allegations.

  It is well settled that *pro se* litigants may not serve as a class representative. Prisoners are prohibited from bringing a class action on behalf of other prisoners. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (a *pro se* prisoner cannot be an advocate for others in a class action); *see also Fymbo v. State Farm Fire & Cas. Co.*, 213 F. 3d 1320, 1321 (10th Cir. 2000) (*pro se* litigant cannot adequately represent a class); *Lewis v. City of Trenton Police Dept.*, 175 Fed. Appx. 552, 554 (3d Cir. 2006) (same; prisoner). *Cf. Hummer v. Dalton*, 657 F.2d 621, 625-26 (4th Cir. 1981)(a prisoner cannot act as a "knight-errant" for other prisoners).

Accordingly, it is recommended that Plaintiff's Motion to Certify Class be denied. Any of Plaintiff's fellow inmates who wish to bring an action on their own behalf may file a Complaint with this Court.

Plaintiff's attention is directed to important notice on the next page.

Robert S. Carr
United States Magistrate Judge

February 5, 2010
Charleston, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4ᵗʰ Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).