IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Robert Clayton Jr., #286814, ) | Civil Action No.: 2:10-cv-00190-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| John Ozmint; Anthony Padula; ) | |
| Margret Bell; JJ Brooks; and ) | |
| FNU Beniger; ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Robert S. Carr.[1] In the R&R, the Magistrate Judge recommends that the Court deny the Plaintiff's Motion to Certify Class [Docket #4]. The Plaintiff filed untimely objections.

**Procedural History**

This case was initiated on January 26, 2010, when the Plaintiff filed a Complaint appearing to assert claims under 42 U.S.C. § 1983. On January 29, 2010, the Plaintiff filed a Motion to Certify Class. On February 5, 2010, the Magistrate Judge issued the R&R recommending that the Court deny the Plaintiff's Motion to Certify Class. The Plaintiff failed to file timely objections to the R&R.[2]

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge Robert S. Carr for pretrial handling.

[2] Any objections to the Magistrate Judge's R&R must be filed within fourteen (14) days of the date of service. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this period provides for an additional three days for filing by mail. *See* Fed. R. Civ. P. 6(d). The Magistrate Judge filed the R&R on February 5, 2010, and a copy was mailed to the Plaintiff on the same day. As such, any objections to the R&R were due no later than February 22, 2010. The Plaintiff did not deliver his objections to the Lee

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the Court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson,* 687 F.2d 44, 47-48 (4th Cir. 1982). In the absence of a timely filed specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005).

**Discussion**

Because the Plaintiff failed to file timely objections, the Court reviews the R&R only for clear error.[3] In his Motion to Certify Class, the Plaintiff asks the Court to create a class made up of all forty-seven inmates (including the Plaintiff as class representative) who were housed in the Chesterfield Unit of Lee Correctional Institution during the time frame covered by the Complaint.

---

Correctional Institution mail room until February 25, 2010. *See Houston v. Lack*, 487 U.S. 266 (1988) (stating a document is deemed filed by a prisoner when it is delivered to prison officials for mailing).

[3] Significantly, the Plaintiff states in his untimely objections that he "does not dispute what the Recommendations declares" and "agrees that he is not an adequate representative for the class." *Objections,* pp.1-2.

However, a *pro se* prisoner is prohibited from bringing a class action on behalf of other prisoners. *See Oxendine v. Williams,* 509 F.2d 1405, 1407 (4th Cir. 1975); *cf. Hummer v. Dalton,* 657 F.2d 621, 625-26 (4th Cir. 1981).

Having thoroughly reviewed the entire record, the Plaintiff's objections, and the applicable law, the Court finds that the Magistrate Judge's R&R contains no clear error. As such, the Court agrees with the recommendation of the Magistrate Judge.

## Conclusion

Based on the foregoing, it is **ORDERED** that the Magistrate Judge's R&R is adopted and incorporated herein by reference, and the Plaintiff's Motion to Certify Class [Docket #4] is **DENIED**.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

Florence, South Carolina  
April 7, 2010

3