USDC. CLERK. RECEIVED CHARLESTON, SC
2010 AUG -5 A 11: 20

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| ROBERT CLAYTON, JR., #286814, ) | Civil Action No.: 2:10-cv-00190-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| JOHN OZMINT, ANTHONY PADULA, ) | |
| MARGARET BELL, and J. J. BROOKS, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Robert S. Carr.[1] In the R&R, the Magistrate Judge recommends that the Court deny the Plaintiff's motions for preliminary injunctions [Docket Entry #s 12 & 35].

## Procedural History and Factual Background

This case was initiated on January 26, 2010, when the Plaintiff filed a pro se Complaint pursuant to 42 U.S.C. § 1983 alleging cruel and unusual punishment due to the restricted diet he receives in punitive segregation. According to the Plaintiff, the restricted diet contains "excessive baking soda and yeast" and has caused him "rectum bleeding." On February 8, 2010, and May 18, 2010, the Plaintiff filed motions for preliminary injunctions pursuant to Rule 65 of the Federal Rules of Civil Procedure to require the Defendants to provide a 2700 calorie diet to the Plaintiff and to refrain from serving biscuits with excessive baking power and yeast.[2] The Defendants

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge Robert S. Carr for pretrial handling.

[2] It appears that the Plaintiff also sought preliminary injunctive relief from having to wear a pink jumpsuit. However, the Plaintiff has not filed objections to the Magistrate

responded to the Plaintiff's motions and asserted that the Plaintiff has not met the basic requirements for the issuance of a preliminary injunction. On July 15, 2010, the Magistrate Judge issued the R&R recommending that the Court deny the Plaintiff's motions for preliminary injunctions. The Plaintiff filed timely objections to the R&R, and this matter is ripe for review.

## Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the Court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## Preliminary Injunction Standard

A plaintiff seeking a preliminary injunction must establish that: (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3)

---

Judge's recommendation to deny the Plaintiff's motion for a preliminary injunction on this issue.

the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council*, 129 S. Ct. 365, 374 (U.S. 2008). A preliminary injunction is an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997); *Munaf v. Green*, 553 U.S. 674 (2008) (stating a preliminary injunction is an "extraordinary and drastic remedy" that "is never awarded as of right").

## Discussion

The Plaintiff specifically objects to the Magistrate Judge's recommendation concerning the restricted diet he receives as an inmate in the punitive segregation "Chesterfield Unit." First, the Plaintiff appears to argue that he is likely to succeed on the merits because "the essential attribute of the liberty protected by the constitution is the right to have the same kind of treatment as the state provides to other similar situated persons [and] the Chesterfield Unit is the only unit at this facility that is required to have a restricted diet." *Objections*, p.2. The Plaintiff's claim is not one of inadequate or unsanitary food, but rather that his restricted diet contains "excessive baking soda and yeast." Further, the Plaintiff clearly admits in his Complaint that he was prescribed "natural vegetable powder" containing fiber to aid his body in digesting food and "some pills to help soften the feces and prevent rectum bleeding." *Complaint*, p.5. As such, the Plaintiff is not likely to succeed on the merits because he has failed to come forward with any evidence that the Defendants have acted with deliberate indifference or have knowingly and unreasonably disregarded a substantial risk of serious harm to him by the continued enforcement of this disciplinary policy. *See Farmer v. Brennan*, 511 U.S. 825, 845-46 (1994); *Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991).

Next, as to irreparable harm in the absence of preliminary relief, the Plaintiff claims that "this ongoing, illegal practice by the Defendant is causing harm that is imminent due to the prolong delay

3

of the Plaintiff having to defecate, stomach pains not nausea, rectum bleeding, [and] anal soreness." *Objections*, p.1. The Plaintiff claims that "this sort of health problems cause hymroids and colon cancer even increase the chances for prostate cancer from not defecating properly." *Id.* However, the Plaintiff has presented no evidence to "clearly show" that he will suffer irreparable harm absent an extraordinary order of preliminary relief from this Court. No one is forcing the Plaintiff to eat the biscuits, and he admits that he is no longer eating the biscuits: "I'm eating only the eggs, cheese, meat, and the dinner tray." *Docket Entry* 19-1, p.1. Moreover, "[t]he possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Sampson v. Murray*, 415 U.S. 61, 90 (1974) (citation omitted). As such, the Plaintiff has failed to show that he is likely to suffer irreparable harm in the absence of preliminary injunctive relief.

Thus, the Plaintiff has failed to establish that he is likely to succeed on the merits or that he is likely to suffer irreparable harm in the absence of injunctive relief, which are both required to justify the issuance of a preliminary injunction. Additionally, the issuance of such an injunction would undermine the Defendants' ability to effectively manage the prison, jeopardize the maintenance of order and discipline, and interfere with policy decisions made by prison officials. *See Wetzel v. Edwards*, 635 F.2d 283, 288 (4th Cir. 1980) (stating that courts give "wide-ranging deference" to decisions made by prison administrators in their informed discretion); *Pittman v. Hutto*, 594 F.2d 407, 412 (4th Cir. 1977) ("[A]s long as prison authorities are rationally pursuing a legitimate penological objective, the administrator has the 'last word.'"); *cf. Taylor v. Freeman*, 34 F.3d 266, 269-270 (4th Cir. 1994) (stating that preliminary injunctive relief involving the management of prisons should be granted only under exceptional and compelling circumstances.)

The instant matter does not present exceptional and compelling circumstances; rather, it is a typical claim by an inmate that the food does not meet his expectations.

Having thoroughly reviewed the entire record, the Plaintiff's objections, and the applicable law, the Court finds that the Magistrate Judge fairly and accurately summarized the facts. The Court, applying the preliminary injunction standard set forth in *Winter,* reaches the same conclusion as the Magistrate Judge. As such, the Court agrees with the recommendations of the Magistrate Judge.

## Conclusion

Based on the foregoing, it is **ORDERED** that the Magistrate Judge's R&R is adopted as modified and incorporated herein by reference, and the Plaintiff's motions for preliminary injunctions [Docket Entry #s 12 & 35] are **DENIED.**

**IT IS SO ORDERED.**

s/ R. Bryan Harwell<br>
R. Bryan Harwell<br>
United States District Judge

Florence, South Carolina
August 4, 2010