RECEIVED
USDC, CLERK, CHARLESTON, SC

2010 OCT -1 P 3: 29

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Robert Clayton Jr., # 286814,  ) C. A. No. 2:10-190-RBH-RSC
          Plaintiff,  )
      -versus-  ) **REPORT AND RECOMMENDATION**
John Ozmint; Anthony Padula;  )
Margret Bell; and JJ Brooks,  )
          Defendants.  )

This is a civil rights action under 42 U.S.C. § 1983[1] (West 1994 & Supp. 1998) brought by a state prisoner proceeding pro se and in forma pauperis is before the undersigned United States Magistrate Judge for a report and recommendation on the defendants' motion for summary judgment. 28 U.S.C. § 636(b).

Plaintiff, Robert Clayton, Jr., named various officers and employees of the South Carolina Department of Corrections (SCDC) as defendants. They are SCDC Director John Ozmint, Lee

---

[1] Section 1983, titled a civil action for deprivation of rights reads in relevant portion:
    Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Correctional Institution Warden Anthony Padula, Margaret Bell, and JJ Brooks.

This case was initiated on January 26, 2010, when the Plaintiff filed a complaint alleging cruel and unusual punishment due to the restricted diet he receives in punitive segregation. According to the Plaintiff, the restricted diet contains "excessive baking soda and yeast" and has caused him "rectum bleeding." Plaintiff moved to certify a class action on January 29, 2010, which motion was denied on April 7, 2010, by the Honorable R. Bryan Harwell, United States District Judge. Judge Harwell also denied Plaintiff's motion for a preliminary injunction on August 5, 2010.

The plaintiff amended his complaint on March 15, 2010, and alleged that certain policies of the SCDC were unconstitutional including the policy that inmates who had violated the prison's rule against certain sexual activities had to wear pink jumpsuits for a certain period of time, and the policy requiring inmates to pay for DNA testing and certain medical costs. Plaintiff sought injunctive relief and damages.

On July 12, 2010, the defendants filed a motion for summary judgment along with the affidavit of Defendant Ozmint and various exhibits which addressed the pink jumpsuit claims. On July 14, 2010, the plaintiff was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from

Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). On August 12, 2010, the defendants' supplemented their summary judgment motion and filed a supporting exhibit. The supplement addressed the complained of fees charged to inmates. The plaintiff opposed the motion on August 26, 2010, with several of his own affidavit, the affidavits of other inmates, and exhibits. Hence, it appears consideration of the motion is appropriate.

**SUMMARY JUDGMENT STANDARD**

Summary judgment should be granted when the record demonstrates that the requirements of Rule 56(c) have been met. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Where a case is "decided on summary judgment, there have not yet been factual findings by a judge or jury, and [the appellant's] version of events ... differs substantially from [the appellee's,] ... courts are required to view the facts and draw reasonable inferences in the light most favorable to the party opposing the ... motion." Scott v. Harris, 550 U.S. 372, 127

S.Ct. 1769, 1774 (2007) (internal quotation marks and alterations omitted).

Summary judgment is mandated where the party opposing the motion has failed to establish the existence of an element essential to his case, and on which he bears the burden of proof. Id., 477 U.S. at 322. The party seeking summary judgment must inform the court of the basis for its motion, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party, however, need not offer proof that negates the opponent's claim; rather, as to issues on which the party opposing the motion has the burden of proof at trial, the party seeking summary judgment need only point to an absence of evidence to support the opponent's claim. The party opposing summary judgment must then point to facts evidencing a genuine issue for trial. Fed. R. Civ. P. 56(c); see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

Summary judgment should not be denied merely because the plaintiff raises a "metaphysical doubt" as to the material facts. Mathushita Electrical Industrial Co., Ltd v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Likewise, "unsupported speculation is not sufficient to defeat a summary judgment motion." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). If the plaintiff's evidence does not raise a genuine issue as to a material fact, then summary judgment is proper for the

defendants. See, Anderson, 477 U.S. at 249-50 (where evidence is not significantly probative, then summary judgment is proper). Furthermore, even as to a material fact, an issue is genuine only where the record establishes that the fact-finder could find, by a preponderance of the evidence, that the plaintiff is entitled to judgment in his favor. Id., 477 U.S. at 252.

**DISCUSSION**

A review of the record and relevant case law reveals that the defendants' motion should be granted and this action ended.

Plaintiff's first complaint is that he was served a restricted diet as an inmate in the punitive segregation "Chesterfield Unit." The plaintiff argues that "the essential attribute of the liberty protected by the constitution is the right to have the same kind of treatment as the state provides to other similar situated persons [and] the Chesterfield Unit is the only unit at this facility that is required to have a restricted diet." The plaintiff's claim is not one of inadequate or unsanitary food, but rather that his restricted diet contains "excessive baking soda and yeast." Further, the plaintiff clearly admits in his Complaint that he was prescribed "natural vegetable powder" containing fiber to aid his body in digesting food and "some pills to help soften the feces and prevent rectum bleeding." Complaint, p. 5. As such, the Plaintiff has failed to come forward with any evidence that the defendants have acted

5

with deliberate indifference or have knowingly and unreasonably disregarded a substantial risk of serious harm to him by the continued enforcement of this disciplinary policy. See, Farmer v. Brennan, 511 U.S. 825, 845-46, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); Wilson v. Seiter, 501 U.S. 294, 302-03, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). As such it appears that the defendants are entitled to judgment as a matter of law on this claim.

Plaintiff's second complaint is that being forced to wear the pink jumpsuit restricts his movement, denies him the opportunity to work, prevents him from seeing visitors, and blocks his attempts to improve his custody classification.

The SCDC inmate disciplinary policy does dictate that inmates convicted of public masturbation or exhibitionism, such as the plaintiff, are required to wear a pink colored jumpsuit for a period of time. (See, Def. Ex. A, SCDC Policy/Procedure Number: OP-22.14, § 17.8). Plaintiff does not deny he committed the sexual acts which resulted in the pink jumpsuit requirement. Additionally, courts in this district have rejected the constitutional challenges to the SCDC pink jumpsuit policy. See, Williams v. Ozmint, C/A No. 8:07-3723-PMD-BHH, 2009 WL 2828026 at 3-8 (D.S.C. Sept. 1, 2009) (rejecting a cruel and unusual punishment challenge where the plaintiff had not alleged physical injury and rejecting an equal protection challenge); Mickell v. Ozmint, C/A No. 3:08-2973-RBH-JRM, 2009 WL 1361873 at 7 (D.S.C.

6

May 11, 2009) (rejecting a cruel and unusual punishment challenge because there was no showing of serious physical injury); Govan v. Singleton, C/A No. 8:07-3789-MBS-BHH, 2009 WL 799649 at 3 (D.S.C. March 24, 2009) (rejecting an equal protection challenge); Maradiaga v. Bethea, C/A No. 4:08-226-PMD-PJG, 2009 WL 2829900 at 5 (D.S.C. Sept. 1, 2009) (rejecting a cruel and unusual punishment challenge where the plaintiff had only alleged mental or emotional injury); Simmons v. Ozmint, C/A No. 6:08-860-RBH-WMC, 2009 WL 2843310 at 5-8 (D.S.C. Aug. 31, 2009) (rejecting a cruel and unusual punishment claim under the deliberate indifference standard and the plaintiff's alleged injury was verbal harassment).

Here, the filed sworn affidavit of John Ozmint sets forth a plethora of legitimate penological reasons for the requirement. As an example, Ozmint affied that the rule limits sexual offenders access and exposure to female staff, maintains institutional security, and preserves internal discipline. (See, Affidavit of Ozmint, ¶ 36). No constitutioanl vioialtion has occurred. See, Wetzel v. Edwards, 635 F.2d 283, 288 (4th Cir. 1980) (stating that courts give "wide-ranging deference" to decisions made by prison administrators in their informed discretion); Pittman v. Hutto, 594 F.2d 407, 412 (4th Cir. 1977) ("[A]s long as prison authorities are rationally pursuing a legitimate penological objective, the administrator has the 'last

7

word."'); cf. Taylor v. Freeman, 34 F.3d 266, 269-270 (4th Cir. 1994).

As a result it appears that the defendants' motion should be granted on the pink jumpsuit claim.

Lastly the plaintiff complained that the defendants' policy of charging inmates for medical treatment and DNA testing is an unconstitutional taking of property without due process. He argued that he has never consented to the charges and third parties who give him money which is deposited in his Cooper Trust Fund account are not notified of the possible deduction. It is uncontested that Plaintiff's account has been debited for medical co-pays. Plaintiff does not question the services provided.

The charging of co-payments or fees for medical services is constitutional and jails are allowed to impose co-payments for services if they actually provide medical care to the prisoner. Stanley v. Ohio Dept. Of Rehabilitation and Correction, 2002 WL 31409435 (S.D. Ohio, Aug. 13, 2002); requiring an inmate to make a co-payment for medical treatment does not deprive him of a property interest for he has received medical services he either desired or required. Cabbagestalk v. Richstad, 2009 WL 4040479, 9 (D.S.C.).

Plaintiff complains that the SCDC policy providing for a charge for the DNA processing fee is unconstitutional because it would cover donated money in addition to money earned as provided

for in S.C. Code § 23-3-70. Further Plaintiff asserts only under certain conditions may the charge be imposed even if the money at issue is earned. SCDC Op. 21.09 §18.3.4 describes SCDC's charge and serves only to outline how SCDC attempts to comply with S.C. Code § 23-3-670. Def. ex. A. Plaintiff does not allege that he was unaware of the policy.

The provision of S.C. Code § 23-3-670 requiring the collection of DNA samples and the payment of the $250.00 fee is constitutional. In re DNA Ex Post Facto Issues, 561 F.3d 294 (4th Cir. 2009). Since the statute allows for the fee to be "garnished from wages" an inmate earns while incarcerated, SCDC may also recover the fee from non-wages voluntarily deposited in an inmate's trust account subsequent to notice of SCDC's deduction procedure under which inmates receiving non-wage deposits would automatically have portions of those deposits retained to pay the fee. Sanders v. S.C. Dept. Of Corrections, 379 S.C. 411, 665 S.E.2d 231 (Ct. App. 2008). It does not appear that a constitutional violation has occurred.

**CONCLUSION**

Accordingly, for the aforementioned reason, it is recommended that the defendants' motion for summary judgment be

granted, any outstanding motions be denied as moot, and this action ended.

                                          Respectfully Submitted,

                                          Robert S. Carr
                                          United States Magistrate Judge

Charleston, South Carolina
October 1, 2010

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within **fourteen (14) days** of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).