IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Robert Clayton Jr., #286814, | ) | Civil Action No.: 2:10-cv-00190-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| John Ozmint; Anthony Padula; | ) | |
| Margaret Bell; and J.J. Brooks, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon Plaintiff's objections to the Report and Recommendation ("R&R") of United States Magistrate Judge Robert S. Carr.[1] In the R&R, the Magistrate Judge recommends that the Court grant the Defendants' Motion for Summary Judgment [Docket #41].

## Procedural History and Factual Background

This case was initiated on January 26, 2010, when the Plaintiff filed a pro se Complaint pursuant to 42 U.S.C. § 1983 alleging cruel and unusual punishment due to the restricted diet he receives in punitive segregation. According to the Plaintiff, the restricted diet contains "excessive

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge Robert S. Carr for pretrial handling.

baking soda and yeast" and has caused him "rectum bleeding."[2]  The Plaintiff amended his Complaint on March 15, 2010, and alleged that certain policies of the South Carolina Department of Corrections ("SCDC") were unconstitutional, including the policy that inmates who violate the prison's rule against certain sexual activities must wear a pink jumpsuit for a period of time and the policy requiring inmates to pay for DNA testing and certain medical costs.  On July 12, 2010, the Defendants filed a motion for summary judgment and supplemented their motion with an additional exhibit on August 12, 2010.  On August 26, 2010, the Plaintiff filed a response in opposition.  On October 1, 2010, the Magistrate Judge issued the R&R recommending that the Court grant the Defendants' Motion for Summary Judgment.  The Plaintiff filed timely objections to the R&R, and this matter is ripe for review.

## Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

---

[2] On February 8, 2010, and May 18, 2010, the Plaintiff filed motions for preliminary injunctions pursuant to Rule 65 of the Federal Rules of Civil Procedure to require the Defendants to provide a 2700 calorie diet to the Plaintiff and to refrain from serving biscuits with excessive baking power and yeast.  It also appears that the Plaintiff sought preliminary injunctive relief from having to wear a pink jumpsuit.  The Defendants responded to the Plaintiff's motions and asserted that the Plaintiff has not met the basic requirements for the issuance of a preliminary injunction. On July 15, 2010, the Magistrate Judge issued an R&R recommending that the Court deny the Plaintiff's motions for preliminary injunctions. The Plaintiff filed timely objections regarding the restricted diet claim, but not the pink jumpsuit claim.  On August 5, 2010, the Court issued an Order [Docket #50] denying the Plaintiff's motions for preliminary injunctions.  Subsequently, the Court denied the Plaintiff's Motion for Reconsideration [Docket #58] of said Order.

The Court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the Court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson,* 687 F.2d 44, 47-48 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005).

## Discussion

Essentially, the Plaintiff objects to the R&R on three grounds. The Plaintiff first objects to the Magistrate Judge's recommendation that the Court grant the Defendants' Motion for Summary Judgment as to the claim that his restricted diet is unconstitutional. The Plaintiff claims that he is being subjected to cruel and unusual punishment and denied Equal Protection because, as an inmate in the punitive segregation "Chesterfield Unit," he cannot eat what other inmates eat. However, prison officials have the discretion to control the diet's contents as long as it is nutritionally adequate. *Divers v. Dep't of Corrs.,* 921 F.2d 191, 196 (8th Cir. 1990); *see Madyun v. Thompson,* 657 F.2d 868, 874-75 (7th Cir. 1981) (allegation that food served to segregated prisoners was cold and not on the menu served to general prison population was insufficient to state an Eighth Amendment violation); *Hoitt v. Vitek,* 497 F.2d 598, 601 (1st Cir. 1974) (prisoner's allegation of deprivation of hot meals failed to state a claim of cruel and unusual punishment, given that three meals were provided daily); *see also Boatwright v. Padula,* No. 3:09-2545, 2010 WL 1945718 (D.S.C. Apr. 13, 2010) (prisoner's allegation that the biscuits he was served caused him to have hemorrhoids did not constitute cruel and unusual punishment). The Plaintiff's restricted diet claim fails on the merits because he has failed to come forward with any evidence that the Defendants have acted with deliberate indifference or have knowingly and

unreasonably disregarded a substantial risk of serious harm to him by the continued enforcement of the restricted diet. *See Farmer v. Brennan,* 511 U.S. 825, 845-46 (1994); *Wilson v. Seiter,* 501 U.S. 294, 302-03 (1991).

Next, the Plaintiff objects to the Magistrate Judge's recommendation that the Court grant summary judgment in favor of the defendants as to the Plaintiff's claim concerning the pink jumpsuit. Specifically, the Plaintiff argues that

> [t]he defendants have failed to allege a legitimate explanation as to why the normal penalties work for all other convicted offenses except for this one particular offense. This shows that this response is exaggerated, and the distinction is arbitrary and irrational. . . . Also the Report does not address the issue of the plaintiff being treated differently by defendant Padula due to being in a Pink Uniform.

*Objections,* p. 2. Contrary to the Plaintiff's claim, Defendant Ozmint did, in fact, file a sworn affidavit setting forth several legitimate penological reasons for the pink jumpsuit requirement for inmates convicted of public masturbation or exhibitionism: it limits sexual offenders' access and exposure to female staff, maintains institutional security, and preserves internal discipline. *See Ozmint Aff.,* ¶ 36. As long as prison authorities are pursuing a rational means to further a legitimate penological objective, the prison administrator has the "last word" concerning policy decisions. *Pittman v. Hutto,* 594 F.2d 407, 412 (4th Cir. 1979). As such, the Defendants have not violated the Constitution. *See Williams v. Ozmint,* — F. Supp. 2d —, 2010 WL 2232199 at 3 (D.S.C. June 2, 2010) (After considering the distinction drawn by Defendants and SCDC policy between inmates who have committed sexual misconduct offenses and the rest of the general population, the court agrees with the Magistrate Judge's recommendation that both the distinction and the sanctions, including the pink jumpsuit, are rationally related to penological interests and do not violate Plaintiff's equal protection rights."); *see also Wetzel v. Edwards,* 635 F.2d 283, 288

(4th Cir. 1980) (stating that courts give "wide-ranging deference" to decisions made by prison administrators in their informed discretion).

"The Plaintiff lastly objects to the Report recommending that the Defendants' motion be granted on unlawfully taking of medical fees and DNA payment from Plaintiff gift money." *Objections,* p. 3. It is undisputed that the Plaintiff's account has been debited co-payments for medical services, and the Plaintiff does not question the services he has been provided. However, the charging of co-payments or fees for medical services is constitutional, and prisons are allowed to impose co-payments for services if they actually provide medical care to the prisoner. *See Cabbagestalk v. Richstad,* No. 09-1834, 2009 WL 4040479 (D.S.C. Nov. 19, 2009).

Having thoroughly reviewed the entire record, the Plaintiff's objections, and the applicable law, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. As such, the Court agrees with the recommendations of the Magistrate Judge and finds that summary judgment is appropriate in favor of the Defendants.

### Conclusion

Based on the foregoing, it is **ORDERED** that the Magistrate Judge's R&R [Docket #59] is adopted and incorporated herein by reference, and the Defendants' Motion for Summary Judgment [Docket #41] is **GRANTED**. The Plaintiff's Motion for Extension of Time [Docket #54] is therefore denied as **MOOT**.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
November 2, 2010